[No. 11399.   Department Two.   July 30, 1914.]

E. E. Crockett et al., Appellants, v. Neely & Young,

Incorporated, Respondent.[1]

Vendor and Purchaser—Rescission by Vendee—Recovery of Price—Fraud—Evidence—Sufficiency.  Findings that a purchase of land was not induced by the fraudulent representations of the vendor as to its situation as sheltered from winds, its fertility and its suitability for growing vegetables and fruit by means of irrigation, and the character of a spring, etc., including the false use of a photograph of a man on his knees purporting to be standing in a field of alfalfa, are supported, where the testimony, although conflicting, fully sustained the truth of all the representations, the vendee had visited and personally inspected the land, which had been since resold at a large advance to a second purchaser, who was satisfied and successfully applying the land to the purposes for which it was originally sold, and the vendor was not aware of the deceptive use of the photograph of the alfalfa field, the raising of alfalfa being, in any event, outside the purpose of the vendee, and an immaterial matter.

Same — Misrepresentations — Materiality.  Misrepresentations by the vendor of land do not warrant a rescission by the purchaser, where, if intended as such, they were concerning an immaterial matter and without prejudice to the purchaser.

Appeal from a judgment of the superior court for King county, Myers, J., entered September 7, 1912, upon findings in favor of the defendant, in an action for rescission, tried to the court.   Affirmed.

Reed & Hardman, for appellants.

A. E. Gallagher, for respondent.

Crow, C. J.—Action by E. E. Crockett and wife against Neely & Young, Inc., a corporation, to rescind a contract for the purchase of land and to recover purchase money. From a judgment in defendant's favor, the plaintiffs have appealed.

[1]Reported in 141 Pac. 1143.

On January 17, 1908, the appellant E. E. Crockett made the following written application to purchase land from the respondent:

"Application for Purchase.

"The undersigned hereby makes application for, and agrees to purchase Fr. 7 and 85-100 acres of Block -4-, Section 19, Township 20 North, Range 23 E., containing 7.85 acres more or less according to the plat thereof, known as Crescent Irrigated Tracts at the price and terms set below, all deferred payments to draw interest at the rate of seven per cent (7%) per annum. Acres per acre 7.85 prices per acre, $300. Total amount, $2,355.00, and herewith tender the sum of $20 as earnest money, receipt of which is hereby acknowledged by undersigned salesman. This application is subject to the approval of Neely & Young, Inc. $765.00 January, 17th, 1908, being balance of first payment. $785.00 January 17th, 1909, first deferred payment. $785.00 January 17th, 1910, second deferred payment. Any and all payments can be made at any time and interest cease on amount paid. Regular land and water contract for said above described land to be issued by Neely & Young. Inc., at once or money refunded. Purchaser, E. E. Crockett, Address, 128½ Taylor Ave., Seattle, Wash."

Shortly thereafter, a formal contract of purchase was executed, which, *inter alia*, contained a stipulation that time was of its essence, and provided that, if the purchaser should fail to make payments at the times set forth, the vendor, upon thirty days' written notice, might declare the contract to be of no effect, in which event all payments theretofore made were to be forfeited to the vendor. Appellants made the payment which fell due on January 17th, 1908, and on or about July first, 1908, paid $54 interest, together with the further sum of $20 as a maintenance charge for water. No further payments were made. Appellants contend that, about September, 1908, they first discovered that appellant E. E. Crockett had been deceived and defrauded by certain false and fraudulent representations of respondent made by its selling agents; that, by reason thereof, they forthwith elected to rescind the contract, and demanded a return of their payments.

On October 28, 1909, respondent, in writing, notified appellant E. E. Crockett that, unless all payments then delinquent were made within thirty days, it would elect to terminate the contract and declare the same null and void. Thereafter and on January 4, 1910, respondent instituted an action in the superior court of the state of Washington in and for Grant county, against the appellant E. E. Crockett to quiet title. Although served with process, appellant made default, and a decree was entered quieting the title.

On March 22, 1911, appellants commenced this action to rescind the contract and recover payments theretofore made. Respondent's lands, located on what is known as Crescent Bar, and of which the tract purchased is a part, are in Grant county, on the east side of the Columbia river. Water for irrigation is taken from the river by a pumping system and delivered on the land. High crescent-shaped cliffs or bluffs are located immediately east of the lands, and water for domestic use was to be obtained from a nearby spring located at a high point. The complaint alleges that respondent, through its selling agents, made the following false and fraudulent representations, upon which appellant E. E. Crockett relied: that the crescent-shaped cliffs partially surrounding the lands at Crescent Bar protected and sheltered them from winds, thereby preventing any drifting of sand or dust; that, by reason thereof, the lands were particularly valuable for growing vegetables and fruit; that there was a spring of water near the lands of great volume and exceptional purity, which would obviate the necessity of using Columbia river water for domestic purposes; that the system of irrigation installed upon Crescent Bar lands would furnish such an inexhaustible supply of water that plaintiffs and other owners would not be limited, but would be furnished with an abundant supply of water at all times during the irrigation season; and that respondent's agents exhibited to appellant a false photograph purporting to show a man standing in an alfalfa field, whereas he was in fact upon his knees. The com-

plaint further alleged that these representations were false and fraudulent; that the cliffs did not shelter the lands; that the spring water was impure and unfit for use; that the irrigation system was inadequate; and that the photograph was exhibited to appellant for the fraudulent purpose of making it appear that the growing alfalfa shown therein was much taller and more luxuriant than the facts warranted.

The case is before us for trial *de novo*, and the controlling issues presented are issues of fact. We have read all the evidence, and conclude that no false or fraudulent representations of a material character were made. Appellant introduced evidence which, if undisputed, might suggest certain false representations. It was, however, disputed, and the burden seems to have been well sustained by respondent. The evidence is convincing to the effect that respondent not only performed all of its covenants with appellant and other purchasers, but that it did more, sparing no reasonable expense or trouble. It is shown that the irrigation tracts were all that respondent claimed for them; that the spring water was pure and plentiful; that it was conveyed to the various tracts as agreed; that although, on certain occasions after heavy rains, it had been contaminated by unusual floods which carried animal and vegetable matter, respondent promptly cleansed the spring, repaired the distributing system and put the same in good condition; that the settlers voluntarily refrained from using the spring water during the summer season for the reason that it became warm from being carried a considerable distance in exposed pipes; that they preferred the Columbia river water which was then pure, available, cooler and more desirable; that the cliffs or bluffs did afford protection from frosts and against winds coming from the southeast, but not from winds coming down the river; that respondent did not say winds would not come from the latter direction; that appellants personally visited and examined the land before making any purchase; that the land was fertile and susceptible of a high degree of cultivation; that

after respondent had forfeited appellants' contract for non-payment of installments due and had quieted its title, it sold the same tract to another purchaser for $500 per acre as against $300 per acre which appellant contracted to pay; and that the second purchaser, who was entirely satisfied, was successfully improving, developing and cultivating the land.

Appellants' main contention seems to be predicated upon the picture in which the man upon his knees appears to be standing. Before the time appellant E. E. Crockett made his purchase, a printed pamphlet advertising the land was used by respondent's agents and shown to appellant, in which the above mentioned picture appears. No reference is made in the pamphlet to the picture, nor is anything said therein as to what it was intended to show. Other pictures appear in the pamphlet showing conditions on Crescent Bar lands, but no contention is made that any of them are fraudulent.

The trial court found that the picture was deceptive in that the man was not standing, but was upon his knees, but further found that the deception was neither known to, nor authorized by, respondent. This finding is sustained by the evidence. Other photographs showing the development of these tracts, the fruit and vegetables grown thereon, the condition of the irrigation system, and the method of irrigation, were admitted in evidence. These pictures, without exception, show that respondent's scheme was successful. In many of them a growth of alfalfa is shown upon these lands much more luxuriant than the alfalfa in the picture of which the appellant complains. The evidence shows that the appellant E. E. Crockett is a seafaring man; that he has followed the sea for many years; that he lives in Seattle; that he desired to purchase the place as a home for himself and family when he determined to retire from his seafaring life; and that his intention was to raise vegetables and fruit. It does not appear that he wanted to raise alfalfa, or that he was defrauded by any false representations relative to the amount

or quality of alfalfa that could be raised upon the land. Under these circumstances, the representation made by the picture, if it amounted to a representation, was on an immaterial matter without prejudice to appellant. From the record, we are unable to find that respondent made any false or fraudulent representations to appellants' damage.

The judgment is affirmed.

MOUNT, PARKER, MORRIS, and FULLERTON, JJ., concur.